Eric D. JOHNSON, Plaintiff—
Appellant,

v.

Meg SAVAGE, Operations Director sued in individual capacity; Sam Sublett, warden sued in individual capacity; M. McKee, Deputy Warden sued in individual capacity; F. Valdez; John Does; Jane Does, sued in individual capacities; P. Swanson; S. Cruz; Dora B. Schriro, Director, Defendants—Appellees.

No. 05–16463.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Oct. 16, 2007.

Filed Nov. 19, 2007.

248 (9th Cir.1992).

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

1. We acknowledge and thank pro bono counsel for their work on this appeal.

Eric D. Johnson, Phoenix, AZ, pro se.

Paul E. Carter, Esq., Office of the Arizona Attorney General, Tucson, AZ, for Defendants–Appellees.

* This disposition is not appropriate for publication and is not precedent except as provided

Before: BRUNETTI, W. FLETCHER, and CLIFTON, Circuit Judges.

## MEMORANDUM *

Eric Johnson appeals the district court's grant of summary judgment. We affirm.

■ Johnson presents three claims on appeal. He first argues that the conditions of confinement he endured during the August 2001 prison disturbances violate the Eighth Amendment. He has not produced any evidence that he suffered the type of deprivation serious enough to constitute an Eighth Amendment violation. Johnson also has no evidence of a culpable state of mind of any Defendant, and he admitted he only sued Defendants because they were "in the chain of command." *See Johnson v. Lewis,* 217 F.3d 726, 732 (9th Cir.2000).

■ Second, Johnson argues that he suffered medical mistreatment during and after the disturbances. The minor delay in his medication and the tightness of the plasti-cuffs had legitimate penological justifications and did not cause him serious harm. Further, Johnson again fails to draw any connection between his treatment and the named Defendants. *See Frost v. Agnos,* 152 F.3d 1124, 1129–30 (9th Cir.1998).

Finally, Johnson argues that he was denied the ability to conduct adequate discovery and that the district court improperly granted summary judgment because he had an outstanding Rule 56(f) application. The record demonstrates Johnson's failure to take advantage of discovery opportunities in a timely and diligent manner. *See*

by 9th Cir. R. 36–3.

*Jones v. Blanas,* 393 F.3d 918, 930 (9th Cir.2004).

**AFFIRMED.**

**AFFIRMED.**

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.